## No. 62.

HEIRS OF C. B. THOMPSON ET AL. vs. L. G. BARROW, ADMINISTRATOR, ET ALS.

There is no inconsistency in the heirs bringing suit for the nullity of the sale of the property of the estate by the administrator, and, at the same time, demanding that the administrator be ordered to file his account and be removed from office, and that they be put in possession.

APPEAL from the Second Judicial District Court, parish of Bienlle. *Drew, J.*

*McDonald & Richardson* and *D. H. Patterson* for Plaintiffs and Appellants.

*Boone & Howell* for Defendants and Appellees.

The opinion of the Court was delivered by

TODD, J. This suit was brought by the widow and heirs of C. B. Thompson, deceased, against the defendants, to annul a sale of lands belonging to the succession of the deceased, made by one of the defendants, L. G. Barrow, in his capacity as administrator of the succession.

Subsequently to the institution of the suit, they, the plaintiffs, pro-

cured an order from the Court for the rendition of an account by said administrator, and in the same proceeding asked that he be removed from office, and they put in possession of the property of the estate. The defendant Barrow, administrator, filed an exception to the action of nullity, the suit now before the Court, to the effect that the demands. made in the two proceedings were inconsistent and exclusive of each other. That the first suit was a demand for the nullity of the sale, and the latter proceeding presented a claim for the proceeds of the sale.

The exception was sustained and the suit dismissed; and from this judgment of dismissal the plaintiffs have appealed.

There is manifest error in this ruling. There is no inconsistency in the two demands. The one is for the recovery of the land, and to have the sale of it declared null, and the other to compel the administrator to render an account of his administration and have him removed from office. There is no claim, directly or indirectly, for the proceeds of the sale. If judgment had first been rendered in the action of nullity in favor of the plaintiffs, decreeing them owners of the land, it would have been proper, as a further step, to make the administrator render his account, and cause his removal if the charges made against him of maladministration are true. And there is no reason why they might not take the same step during the pendency of the suit. Even if this land embraced all the property of the succession, as alleged by counsel, it would not, in the least, affect the question or render such proceeding improper. The appointment of an administrator is predicated on the idea of the succession owing debts, and the plaintiffs were certainly interested in the matter of debts against the succession, and were entitled to know their amount and character, and whether they were paid or not. The land, too, might have produced a revenue during the administration, and before its sale, and for this, if such were the facts, plaintiffs were entitled to an account. Besides, we notice in the petition that one of the grounds of nullity therein preferred, is that the debts of the succession were trifling in amount, if any existed, and that there was no necessity for an administration and sale of the property. In view of such ground of nullity being urged against the sale, it might well be that the proceeding to compel the administrator to account, and the rendition of the account, would, instead of being inconsistent with the action of nullity, prove auxiliary to the suit, by showing the absence of succession debts or other necessity for the administration and sale.

The judgment is reversed, the exception overruled, and the case remanded, to be proceeded with according to law and the views herein expressed; the cost of suit in the lower court, from and including the filing of the exception, and the costs of appeal, to be paid by the defendants; all further costs to abide the result of the suit.